UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRAVES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT JONES and LOS RIOS COMMUNITY COLLEGE DISTRICT,<br><br>　　　　Defendants. | No.  2:14-cv-01477 MCE AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, proceeding in this action pro se and in forma pauperis, has filed a first amended complaint, ECF No. 5, after his original pleading was dismissed as vague and conclusory.  See ECF No. 4 (previous screening order).  The first amended complaint is 33 pages long and accompanied by 70 pages of exhibits.  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1

490 U.S. at 327.  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the first amended complaint, plaintiff brings suit against Robert Jones and the Los Rios Community College District.  While plaintiff's allegations are difficult to decipher, it appears he attended a board meeting on June 11, 2014 where he was to be heard regarding his appeal of the determination of his discrimination complaint.  Plaintiff alleges that the meeting was rushed and he was not afforded an opportunity to speak.  He contends that he was discriminated against under 42 U.S.C. § 1981 because he did not receive the same treatment as others at the meeting.  See ECF No. 5 at 6.  Plaintiff alleges that when he "went to comment about [his] lawsuit of three minutes, the board instead stripped [him] of [his] speech and substituted [his] speech for ten year old humiliating [him] in public."  Id. at 7.  Plaintiff alleges he was prohibited from speaking at the meeting because of his ethnic background.  Id. at 8.  Plaintiff presents several disjointed claims including violations of his First, Eighth and Fourteenth Amendment rights, and a violation of the commerce clause based on his immobility because he was denied his right to be heard regarding his education.

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  Karim-Panahi v. L.A. Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988).  When interpreting the pleadings liberally, however, the court "may not supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Additionally, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or

conclusory legal allegations cast in the form of factual allegations.  See Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).  Before the court can dismiss a pro se civil rights complaint for failure to state a claim, the court must give the plaintiff a "statement of the complaint's deficiencies."  Karim-Panahi, 839 F.2d at 623.  Moreover, a pro se litigant "must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Id. at 623 (citation omitted).

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Rule 8(d)(1) states "[e]ach allegation must be simple, concise, and direct."  The claim for relief must be "plausible on its face," meaning that the "factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Lengthy complaints can violate Rule 8 if a defendant would have difficulty responding to the complaint.  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).  Furthermore, while a pro se plaintiff should generally be given leave to amend, "federal courts are far less charitable when one or more amended pleadings already have been filed with no measurable increase in clarity."  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (3d ed. 2004); see also Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming dismissal of second amended complaint with prejudice where pleading consisted of "confusing, distracting, ambiguous, and unintelligible" allegations in violation of Rule 8).

Here, plaintiff's first amended complaint fails to comply with the standards set forth in Rule 8.  Plaintiff's claims are not short and plain statements, nor are they simple, concise or direct.  See Twombly, 550 U.S. at 555.  Rather, the first amended complaint consists of long, rambling and incoherent allegations that several constitutional rights and laws have been violated.  These allegations are interspersed with disjointed factual assertions and conclusions.  Accordingly, plaintiff's first amended complaint remains as unclear as the original complaint.

The Court previously granted plaintiff leave to amend with instructions on how to amend his complaint in compliance with Rule 8.  Nonetheless, the first amended complaint still consists almost entirely of rambling and nonsensical allegations.  As plaintiff has had ample opportunity to correct the deficiencies in his complaint, and he continues to make the same conclusory and incoherent allegations which the Court previously advised plaintiff are insufficient, the Court finds that any further attempt to amend would be futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE